UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| K.S., pseudonymously,, Plaintiff, v. DHILLON, *et al.*, Defendants. | Case No. 3:25-cv-00408-MMD-CSD<br>ORDER |

## I. SUMMARY

Plaintiff K.S.[1] brings this action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, alleging that Defendants Circus and Eldorado Joint Venture, LLC ("Circus Eldorado"), MEI-GSR Holdings, LLC ("MEI-GSR"), Truckee Gaming, LLC, Jacobs Entertainment, Inc. ("Jacobs") participated in and benefitted from her sex trafficking at their casino hotels. (ECF No. 61 ("Complaint").) Pending before the Court are Defendants' four motions to dismiss (ECF Nos. 71, 77, 79, 80 ("Motions").)[2] For the reasons explained below, the Court denies MEI-GSR, Truckee Gaming, and Jacobs' motions to dismiss and denies in part and grants in part Circus Eldorado's motion to dismiss.

[1]Plaintiff requests a protective order to proceed under a pseudonym with her Complaint. (ECF No. 61 at 2, 2 n.1.) "For each type of relief requested … a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b). The Court directs Plaintiff to separately file her request for a protective order under Federal Rules of Civil Procedure 26(c) and 16(b) with points and authorities in accordance with the Local Rules.

[2]Plaintiff responded. (ECF Nos. 83, 84, 85, 86.) Defendants replied. (ECF Nos. 88, 89, 90, 91.)

## II. BACKGROUND[3]

Plaintiff met her trafficker in Reno, Nevada. (ECF No. 61 at 33.) Their initially friendly relationship evolved into a controlling and abusive dynamic. (*Id.*) Her trafficker coerced her into sex work in 2014 at age 21 until 2018 at age 25. (*Id.*) Plaintiff was compelled to perform commercial sex acts at three major hotel-casino properties in Reno: Circus Circus (owned and operated by Defendant Circus Eldorado during this time), Grand Sierra Resort ("GSR") (owned and operated by Defendant MEI-GSR), and the Sands (owned and operated by Defendant Truckee Gaming from 2013 to 2017 and by Defendant Jacobs from 2017 to the present). (*Id.* at 4, 27, 33.) Plaintiff's traffickers physically assaulted her, withheld food and water, forced her to ingest narcotics, and threatened to kill her if she refused to comply. (*Id.* at 33-34.) Plaintiff was physically abused by her traffickers in public spaces at all three properties and hotel staff observed her with visible physical injuries. (*Id.* at 34-35, 37-38, 39-41.) Her traffickers' "well-established operational protocol" at the three properties included cash payments for secluded rooms and excessive prophylactics and soiled linens. (*Id.* at 35, 38, 40-41). Plaintiff personally interacted with hotel staff at all three properties, including solicitation and commercial sex with GSR and Sands employees. (*Id.* at 34, 37, 40.) Plaintiff filed this lawsuit in August 2025 alleging the owners of these hotels participated in and benefited from her sex trafficking at their properties.

## III. DISCUSSION

### A. Statute of Limitations

Defendants MEI-GSR, Circus Eldorado, and Truckee Gaming argue Plaintiff's claims are untimely and barred by the statute of limitations. (ECF No. 77 at 10; 79 at 4 n.1; 80 at 4-6.) The Court may dismiss a complaint "on statute of limitations grounds only if, accepting all well-pled facts in the complaint as true, 'it appears beyond doubt that the

---

[3]The Court adopts the facts from the Complaint. At the motion to dismiss stage, the Court must accept all well-pleaded factual allegations in the complaint, although legal conclusions are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *United States v. Page*, 116 F.4th 822, 826 (9th Cir. 2024) (citations omitted).

The TVPRA imposes a ten-year statute of limitations for adult victims of sex trafficking. *See* 18 U.S.C. § 1595(c)(1). Plaintiff alleges she was trafficked as an adult from 2014 until 2018. (ECF No. 61 at 33.) Plaintiff filed suit August 7, 2025. (ECF No. 1.) At most, the statute of limitations would merely limit Plaintiff's claims to violations that occurred after August 7, 2015. The majority of the alleged trafficking period falls within the statute of limitations. To the extent Defendants seek to dismiss Plaintiff's claims entirely based on the statute of limitations, the Court denies the Motions.

The Court further declines to temporally limit Plaintiff's claims under the continuing violations doctrine. (ECF No. 61 at 51-52.) "The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). When this doctrine applies, the statute of limitations does not begin to run until the continuing wrongful conduct ends. *See id.* TVPRA claims, by their nature, generally involve repeated conduct over a period of time. *See C.C. v. Rashid*, No. 2:23-cv-02056-GMN-BNW, 2025 WL 1785273, at *6 (D. Nev. June 26, 2025). The Court will follow various other district courts in the Ninth Circuit and apply the doctrine here. *See id*; *J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493, at *6 (E.D. Cal. Oct. 18, 2022); *Doe A v. Seatac Hotels LLC*, No. C24-1270 MJP, 2025 WL 474233, at *6 (W.D. Wash. Feb. 12, 2025). Because Plaintiff alleges she was sex trafficked at these three properties until 2018, the statute of limitations began to run at that time under the continuing violations doctrine. All of Plaintiff's allegations therefore fall within the ten-year statute of limitations.

**B. Shotgun Pleading**

Defendants MEI-GSR and Circus Eldorado seek to dismiss the Complaint as an impermissible "shotgun" pleading. (ECF Nos. 77 at 4-5; 97 at 4-6.) "Defective shotgun pleadings arise when multiple groups of defendants are lumped together and each defendant cannot identify the conduct of which it is accused." *Doe A v. Seatac Hotels*,

2025 WL 474233, at *6 (citing *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)). Shotgun pleadings may be dismissed under Federal Rules of Civil Procedure 8 or 12(b)(6) when they fail to provide defendants sufficient notice regarding which conduct they may be liable for. *See Doe v. WebGroup Czech Republic, a.s.,* 93 F.4th 442 (9th Cir. 2024); *Lapena v. Las Vegas Metro. Police Dep't,* No. 2:21-cv-2170-JCM-NJK, 2024 WL 1345226, at *3 (D. Nev. Mar. 29, 2024).

The Court finds the Complaint does not constitute impermissible shotgun pleadings. Plaintiff raises the same TVPRA claims against all four Defendants because she alleges traffickers used a similar protocol at each hotel. (ECF No. 61 at 46-50, 34-35, 37-38, 40-41.) Moreover, Plaintiff sets out property-specific factual allegations throughout her Complaint which Defendants were then able to address in their Motions. (*Id.* at 13-41); *see J.M. v. Choice Hotels.*, 2022 WL 10626493, at *7 ("While [the complaint] includes allegations related to the hospitality industry in general, it gives defendants sufficient information to understand the legal claims against each of them and the allegations supporting those claims."). Therefore, the Court denies MEI-GSR and Circus Eldorado's motions to dismiss Plaintiff's Complaint as an impermissible shotgun pleading. (ECF Nos. 77 at 4-5; 97 at 4-6.)

### C. TVPRA Claims

The TVPRA permits trafficking victims to bring civil suits against those who participate in or benefit from their trafficking. *See* 18 U.S.C. § 1595. Plaintiff seeks to hold Defendants liable both as beneficiaries and perpetrators of her sex trafficking. The Court addresses the Motions as to each form of liability.

#### 1. Beneficiary Liability

A beneficiary under the TVPRA is someone who "(1) knowingly benefit[s], (2) from participation in a venture [], (3) which they knew or should have known was engaged in conduct that violated the TVPRA." *Ratha v. Phatthana, Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022) (citing 18 U.S.C. § 1595(a)). In this way, beneficiary liability imposes a negligence standard regarding knowledge that "means of force, threats of force, fraud,

[or] coercion" would cause an individual to commit commercial sex acts within the venture. 18 U.S.C. § 1591(a); *see Ratha*, 35 F.4th at 1177 (explaining that "[t]he phrase 'knew or should have known' usually connotes negligence," which is "a less culpable mental state than actual knowledge or recklessness").

Accepting Plaintiff's allegations as true, the Court finds Plaintiff plausibly alleges Defendants are liable as beneficiaries from her trafficking.[4] First, Plaintiff claims Defendants knowingly benefited from hotel room rentals. "The 'knowing benefit' element merely requires that []Defendants knowingly receive a financial benefit, not that []Defendants have actual knowledge of an illicit venture." *A.H. v. Red Roofs Inns, Inc.*, No. 2:24-cv-3113, 2025 WL 2721120, at *4 (S.D. Ohio Sept. 24, 2025) (citation omitted). Plaintiff's allegation that Defendants "reaped steady, predictable income streams from Plaintiff's traffickers and their sex-buying patrons, profiting from every room transaction in which Plaintiff was harbored, assaulted, and sold for commercial sex" meets this prong. (ECF No. 61 at 42); *see M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 965 (S.D. Ohio 2019) ("[T]he rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard."); *A.H. v. Wynn Las Vegas*, No. 2:24-cv-01041-GMN-NJK, 2024 WL 5264826, at *5 (D. Nev. Dec. 30, 2024) (same).

Second, Plaintiff claims Defendants participated in a venture. Participation in a venture does not require "actual knowledge of criminal wrongdoing." *See A.H. v. Red Roofs Inns*, 2025 WL 2721120, at *4. "The venture need not be a 'sex-trafficking venture,' and 'can also be a business whose primary focus is not on sex trafficking.'" *Tyla D. v. MGM Resorts Int'l*, No. 2:24-cv-00698-APG-BNW, 2024 WL 4839744, at *3 (D. Nev. Nov. 19, 2024) (quoting *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023)).

[4] *See Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012) ("All well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party."); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (holding that to overcome a motion to dismiss, a plaintiff must allege facts that "nudge[] their claims across the line from conceivable to plausible").

"Operating a casino is a commercial venture." *Id.* Accordingly, Plaintiff's allegations that her trafficker consistently made room reservations at Defendants' casino-hotels meets this prong as it shows Defendants "form[ed] a tacit agreement with the trafficker through a continuous business relationship." *Tyla D.*, 2024 WL 4839744, at *4.

Finally, Plaintiff claims Defendants knew this beneficial business venture was engaged in sex trafficking of Plaintiff. The Court rejects Plaintiff's conclusory statements that Defendants had actual knowledge of Plaintiff's trafficking. (ECF No. 61 at 13-32.) Plaintiff emphasizes her allegation that Defendants relocated her to rooms in secluded areas as proving Defendants had actual knowledge Plaintiff was being trafficked. (ECF No. 83 at 17-20; 84 at 17-21; 85 at 14-18; 86 at 16-30.) But this factual allegation does not reasonably support that inference. *See Iqbal*, 556 U.S. at 678 (holding that a claim is facially plausible only if the complaint alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (quoting *Twombly*, 550 U.S. at 570)). Defendants' relocation of Plaintiff to secluded areas is only a blame-worthy action if Defendants had the requisite culpable mental state. Accommodating hotel guests' requests for secluded rooms is attributable to circumstances other than sex trafficking and does not impute actual knowledge of Plaintiff's trafficking. (ECF No. 71 at 12.)

While the Court does not find Plaintiff alleges Defendants had actual knowledge of Plaintiff's trafficking, the Court concludes Plaintiff plausibly alleges Defendants should have known Plaintiff was being trafficked at their properties. The Court agrees with Defendants that general industry knowledge of sex trafficking or commercial sex indicators alone is insufficient to plausibly infer constructive knowledge of Plaintiff's sex trafficking. (ECF Nos. 71 at 10-11, 11 n.6; 77 at 7-9; 79 at 12-13; 80 at 7-8.) While the Complaint contains these types of allegations (ECF No. 61 at 11-32), the Complaint also details evidence of coercion plainly visible to Defendants' employees. In particular, Plaintiff alleges that she was consistently observed on the premises of Circus Circus, the Sands, and the GSR "with visible and obvious injuries — including black eyes, facial

bruising, and marks across her body." (ECF No. 61 at 34, 37, 39.) At Circus Circus, Plaintiff describes an incident where an employee "approached and noticed her facial bruising and other visible injuries" but "merely shook his head and walked away, leaving Plaintiff in the custody of her trafficker." (ECF No. 61 at 34.) Plaintiff further alleges that she was physically abused in public spaces at all three properties. (*Id.* at 35, 38, 41); *see Parker v. Bally's Corp*., No. 2:24-cv-01880-CDS-MDC, 2025 WL 2421231, at *7 (D. Nev. Aug. 20, 2025) (granting defendant hotels' motion to dismiss beneficiary liability claims where plaintiff only alleged evidence of commercial sex and visible injuries but denying another defendant hotel's motion to dismiss where plaintiff further alleged physical abuse in public spaces). This evidence of abuse paired with indicators of commercial sex such as cash payments for rooms, excessive prophylactics, inappropriate clothing for weather conditions, and unwarranted requests to replace soiled linens, all support the inference that Defendants should have known Plaintiff was being sex trafficked at their properties. (ECF No. 61 at 35-36, 37-38, 40-41); *see T.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:21-cv-04933, 2022 WL 17363234, at *7 (S.D. Ohio Dec. 1, 2022) (finding hotel defendants should have known plaintiff was being trafficked based on "a number of red flags apparent to hotel staff … including cash payments for rooms, signs of physical abuse, and excessive requests for new linens and towels"). In sum, the Court finds Plaintiff sufficiently alleges Defendants should have known she was being sex trafficked at their properties.

Because the Court concludes Plaintiff sufficiently alleges all three prima facie elements, the Court denies Defendants' motions to dismiss Plaintiff's beneficiary liability claims.

**2. Perpetrator Liability**

Perpetrator civil liability is defined in the same way as criminal liability under the TVPRA. *See* 18 U.S.C. §§ 1595(a), 1591(a). Perpetrators may be liable for "knowingly … recruit[ing], entice[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], advertis[ing], maintain[ing], patroniz[ing], or solicit[ing] by any means a person… knowing, or … in

reckless disregard of the fact" that coercion "will be used to cause the person to engage in a commercial sex act." *Id.* at § 1591(a). Perpetrators therefore must act with at least reckless disregard of the fact that the victim will be coerced or forced into commercial sex acts.[5] *See id.* An individual acts with reckless disregard when they "disregard a risk of harm of which [they are] aware." *United States v. Rodriguez*, 880 F.3d 1151, 1162 (9th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

While a close call, the Court finds that Plaintiff plausibly alleges perpetrator liability against Defendants MEI-GSR, Truckee Gaming, and Jacobs. However the Court concludes Plaintiff fails to allege Circus Eldorado acted with reckless disregard. The Court will deny MEI-GSR, Truckee Gaming, and Jacobs' motions to dismiss Plaintiff's perpetrator liability claims but will grant Circus Eldorado's.

First, the Court finds, at this pleading stage, Plaintiff sufficiently alleges all Defendants knowingly harbored her. Like the "knowingly benefit" prong of beneficiary liability, the "knowingly harbor" prong requires acting purposefully but does not require acting with actual knowledge of sex trafficking, since the statute imposes a reckless disregard *mens rea* as to that fact. *See A.H. v. Red Roofs Inns, Inc.*, 2025 WL 2721120, at *4. Casinos who rent hotel rooms to house trafficking victims may meet the "knowingly harbor" prong for perpetrator liability. *See Doe A v. Seatac Hotels*, 2025 WL 474233, at *5; *J.M. v. Choice Hotels*, 2023 WL 3456619, at *2; *S.C. v. Hilton Franchise Holding, LLC*, No. 2:23-cv-02037-APG-DJA, 2024 WL 4773981, at *6 (D. Nev. Nov. 12, 2024). Here, Defendant provided rooms directly to Plaintiff's traffickers to house Plaintiff. *Compare with Parker v. Bally's*, 2025 WL 2421231, at *5 (dismissing perpetrator liability claims where the plaintiff did not allege hotel defendants rented rooms to or for the plaintiff but rather to her customers). Moreover, Plaintiff alleges Defendants specifically provided rooms in secluded and isolated areas upon her traffickers' requests. *See J.M. v. Choice Hotels*,

---

[5]Where perpetrator liability is for the act of "advertis[ing]," the TVPRA requires the higher *mens rea* of "knowing." 18 U.S.C. § 1591(a). Because Plaintiff does not claim liability for advertising, she need only show Defendants acted with the mental state of "reckless disregard."

2023 WL 3456619, at *2 (denying defendant hotel's motion to dismiss perpetrator liability claims where defendant "[r]ented plaintiff and her trafficker rooms away from other guests"); *Doe A v. Seatac Hotels*, 2025 WL 474233, at *1 (denying defendant hotels' motions to dismiss perpetrator liability claims where the plaintiffs' traffickers "request[ed] certain rooms away from other guests"). The Court finds Plaintiff sufficiently alleges that Defendants knowingly harbored her.

Second, the Court finds Plaintiff sufficiently alleges MEI-GSR, Truckee Gaming, and Jacobs rented these rooms in reckless disregard of the fact that Plaintiff would be coerced or forced into sex work. "[K]nowledge, and other conditions of a person's mind may be alleged generally" at the pleading stage. Fed. R. Civ. P. 9(b). The TVPRA's knowledge requirement does not require "certainty as to a future act" rather it "is a state of mind in which the knower is familiar with a pattern of conduct." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). Plaintiff need only allege that these Defendants were aware of a pattern of behavior and disregarded the substantial and unjustifiable risk that Plaintiff was being trafficked. *See Rodriguez*, 880 F.3d at 1162 (quoting *Farmer*, 511 U.S. at 837).

The Court already determined that clear indicia of commercial sex work paired with visible signs of physical abuse afforded all Defendants constructive knowledge that Plaintiff was being trafficked. Plaintiff makes no further allegations against Circus Eldorado demonstrating the requisite heightened *mens rea* of reckless disregard. However, the Court finds Plaintiff's allegations that GSR and Sands employees solicited and received commercial sexual services from Plaintiff meets this higher standard. (ECF No. 61 at 37, 40.) At the Sands, its security guard while in uniform and on duty as evidenced by him wearing an earpiece, approached Plaintiff, solicited and engaged in commercial sex with Plaintiff. (*Id.* at 37.) At the GSR, an employee "personally transported Plaintiff K.S. to the [GSR] while maintaining direct contact with her trafficker. That same employee invited Plaintiff to the casino's staff Christmas party, secured her access to the event, and later brought her to a hotel room at the property where he engaged in

commercial sex acts with her." (*Id.* at 40.)[6] Employee solicitation, especially when paired with signs of abuse and direct contact with traffickers, further supports an inference that Defendants' employees were aware of the substantially high risk that Plaintiff was being trafficked and disregarded that risk by housing her in secluded rooms. *See Doe A v. Seatac HotelS*, 2025 WL 474233, at *4.

At this stage, Plaintiff is not required to provide "detailed factual allegations." *Twombly* 550 U.S. at 555 (citation omitted). The Court finds the Complaint offers more than "labels and conclusions" and consists of more than a "formulaic recitation of the elements" of perpetrator liability against MEI-GSR, Truckee Gaming, and Jacobs. *Id.* The Court therefore will deny their motions and allow Plaintiff's perpetrator liability claims to proceed against these three defendants.

Plaintiff requests leave to amend her claims against Defendant Circus Eldorado. (ECF No. 83 at 20, 23.) In particular, she argues "additional allegations can remedy any alleged defects in the pleadings including… the facts that support actual knowledge of TVPRA violations." (*Id.* at 20.) Because leave to amend should be granted freely, and because the Court does not find amendment would be futile, the Court grants Plaintiff leave to amend to allege Circus Eldorado at least recklessly disregarded TVPRA violations against Plaintiff at their property.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

---

[6]MEI-GSR argues they cannot be liable for a "single incident involving an employee who was acting in his personal capacity and not in any representative capacity on behalf of GSR" (ECF No. 77 at 6.) But at this pleading stage, Plaintiff need only plausibly allege that "the casinos *or their employees*" are liable under the TVPRA. *C.C. v. Rashid*, 2025 WL 1785273, at *11 (quoting *Tyla D.*, 2024 WL 4839744, at *4) (emphasis in original).

It is therefore ordered that MEI-GSR, Truckee Gaming, and Jacobs' motions to dismiss (ECF Nos. 71, 77, 80) are denied.

It is further ordered that Circus Eldorado's motion to dismiss is denied in part and granted in part. The motion is denied as to Plaintiff's beneficiary liability claim and granted as to Plaintiff's perpetrator liability claim. (ECF No. 79.)

It is further ordered that Plaintiff's request for leave to amend her perpetrator liability claim against Circus Eldorado is granted. It is further ordered that, if Plaintiff chooses to file a first amended complaint curing the deficiencies of the Complaint, as outlined in this Order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint by that date, only her beneficiary liability claim will proceed against Circus Eldorado.

DATED THIS 24th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE